HOFMANN & SCHWEITZER
*Attorneys for Plaintiff*
212 West 35th St., Floor 12
New York, NY 10001-2727
Tel: (212) 465-8840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JESUS COLOMER
                Plaintiff,

  -against-                                  **COMPLAINT - CIVIL AND**
                                            **ADMIRALTY IN REM**
C.S. TYCO DEPENDABLE INC.,
TRANSOCEANIC CABLE SHIP CO., LLC.,
and the M/V DEPENDABLE, in REM.

                Defendants.
-------------------------------------------------------x

## JURY TRIAL DEMANDED

Plaintiff, JESUS COLOMER, claims of the defendants damages upon the following causes of action:

### PARTIES AND FACTUAL STATEMENTS

1. Plaintiff is a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C.§ 30104.

2. Defendant, C.S. TYCO DEPENDABLE INC., was and still is a corporation doing business in the state in which this District Court sits.

3. Defendant, TRANSOCEANIC CABLE SHIP CO., LLC., was and still is a corporation and doing business in the state in which this District Court sits.

4. The jurisdiction of this Court over this First Cause of Action arises under and by

-1-

virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under *Fitzgerald v. United States Lines Company*, 374 U.S. 16 (1963).

5. The incident underlying the causes of action asserted herein occurred on the M/V Dependable (hereinafter, "the vessel").

6. At all times material hereto C.S. TYCO DEPENDABLE INC., owned the vessel.

7. At all times material hereto, C.S. TYCO DEPENDABLE INC., possessed the vessel.

8. At all times material hereto, C.S. TYCO DEPENDABLE INC., managed the vessel.

9. At all times material hereto, C.S. TYCO DEPENDABLE INC., operated the vessel.

10. At all times material hereto, C.S. TYCO DEPENDABLE INC., controlled the vessel.

11. At all times material hereto, C.S. TYCO DEPENDABLE INC., was the vessel's bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

12. At all times material hereto, TRANSOCEANIC CABLE SHIP CO., LLC., owned the vessel.

13. At all times material hereto, TRANSOCEANIC CABLE SHIP CO., LLC., possessed the vessel.

14. At all times material hereto, TRANSOCEANIC CABLE SHIP CO., LLC., managed the vessel.

15. At all times material hereto, TRANSOCEANIC CABLE SHIP CO., LLC., operated the vessel.

16. At all times material hereto, TRANSOCEANIC CABLE SHIP CO., LLC., controlled the vessel.

17. At all times material hereto, TRANSOCEANIC CABLE SHIP CO., LLC., was the vessel's bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

18. The vessel presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.

19. Throughout his employment, plaintiff was in the employ of the answering defendants as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

20. Plaintiff spent more than 30% of his time in service to the vessel.

21. Regularly plaintiff assisted in the movement of the vessel and its carriage of men, materials and equipment.

22. At all times during his employment, plaintiff contributed to the function of the vessel and the accomplishment of its mission.

23. Plaintiff's employment was connected to the vessel and was substantial in terms of duration and nature.

24. Plaintiff's employment was connected to the vessel and the nature of his work was substantially related to the accomplishment of the mission, objectives and work of the vessel.

### FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

25. Plaintiff adopts each and every one of the allegations made above, as if fully stated herein.

26. Throughout plaintiff's employment and while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel and the joint and several negligence of the defendants, was caused to sustain the serious injuries more specifically set forth hereunder. Plaintiff, in the course of his employment, when aboard the vessel was assigned to work in both the galley and the dry storage area of the vessel. In the galley he was exposed to harmful noise levels emanating, in part, from the exhaust fans located over the grill. When plaintiff was working in the dry storage room he was exposed to harmful noise generated, in part, by generators located in that room, and additionally, throughout his work shifts aboard the vessel, he was constantly exposed to unreasonable and harmful noise levels, that caused the injuries and hearing loss complained of herein.

27. Throughout plaintiff's employment, and while in the course of his employment,

and with the consent and knowledge of the defendants, plaintiff was performing labors in furtherance of the vessel's owners' business and was caused to suffer serious and permanent injuries, more fully set forth herein.

28. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

29. Plaintiff's injuries were caused by the negligence of the defendants jointly and severally, by the negligence, carelessness and recklessness of the defendant's, their agents, servants, workmen and employees, by the unseaworthiness of the vessel, and by the defendants' breach of their obligation to provide prompt and adequate medical care, and treatment.

30. Solely by reason of the negligence, carelessness and recklessness of the defendants, jointly and severally, and because of the unseaworthiness of the vessel as set forth below, plaintiff sustained permanent hearing loss which has led to ringing, roaring, hissing, and/or buzzing noises in his ears, as well as ear pain, itching, and irritation; he sustained internal injuries, the full extent of which are not yet known; he sustained severe injuries and shock; he has in the past required and will in the future require medical treatment, care and attention; he has been fitted with hearing aids, will require regular medical check ups, testings, adjustments of the hearing aids, replacement of hearing aids , possible surgery; he has in the past been and will in the future be obliged to expend monies for medical care, equipment and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; and has in

the past, and will in the future, suffer a loss of earnings.

31. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact, an amount greater than all jurisdictional limits.

### SECOND CAUSE OF ACTION - UNSEAWORTHINESS

32. Plaintiff adopts each and every one of the allegations made above as if fully stated herein.

33. Throughout plaintiff's employment with the defendants, while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel, was caused to sustain serious and permanent injuries more specifically set forth in this complaint.

34. Throughout plaintiff's employment with the defendants, and while plaintiff was in the course of his employment, and while he was acting with the consent and knowledge of the defendants, plaintiff performed labors in furtherance of the vessel's owners' business. While in the process of so doing, plaintiff was caused to suffer serious injuries as more fully set forth below, due to the unseaworthiness of the vessel.

35. The vessel was unseaworthy in various aspects, including but not limited to the fact that it was not fit for its intended purposes; the exhaust fan located in the galley was dangerous in that it emitted a loud, harmful and irritating sound that caused permanent physical harm to Mr. Colomer, and which made it impossible

for Mr. Colomer to properly, adequately, and safely perform his assigned duties; further, plaintiff was assigned to work in the dry storage room area, where a loud, noisy generator was located; the generator emitted a constant, loud, harmful, and irritating sound that caused or contributed to the permanent physical harm sustained by the plaintiff; the recurring and unreasonably loud noises generated by equipment situated on the portions of the vessel that plaintiff was assigned to work, made it impossible for plaintiff to perform his assigned duties safely and without sustaining injury. The defendants failed to properly and safely instruct, warn, or post warning signs aboard the vessel relative to the hazardous levels of noise in the portion of the vessel where plaintiff worked. Defendants further failed to instruct employees relative to any available safety equipment and failed to require employees to wear hearing protection; furthermore, the plaintiff's superiors aboard the vessel instructed plaintiff not to utilize hearing protection devices as such devices would interfere with the plaintiff's ability to perform his assigned duties; and, the officers and crew were not sufficient, nor equal in competence to the ordinary worker of the same calling. There further existed such other defects, faults, hazards and unseaworthy conditions on the vessel so as to contribute to plaintiff's injuries, as evidence shall reveal.

36. The defendants were also in violation of rules and regulations set forth in section 5(a)(1) of the Occupational Safety and Health Act, often referred to as the General Duty Clause, requiring employers "to furnish to each of his employees employment and a place of employment which are free from recognized hazards

that are causing or are likely to cause death or serious physical harm to his employees." The defendants were also in violation of other various OSHA rules and regulations, under 29 CFR § 1910.95, as discovery will show.

37. The defendants were also in violation of various rules and regulations as promulgated in the United States Code of Federal Regulations, Title 46, and such other and further statutes, regulations, or rules, including internal rules and regulations, as discovery will reveal.

38. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

39. Plaintiff's injuries were caused by the carelessness, recklessness, and negligence of the defendants, their agents, servants, workmen and employees, jointly and severally, and by the unseaworthiness of the vessel. Plaintiff was further damaged and aggrieved by the breach of the defendants' obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

40. Plaintiff's injuries were caused by the negligence, carelessness and recklessness of the defendants jointly and severally, and by the unseaworthiness of the vessel as set forth herein; he sustained permanent hearing loss which has led to ringing, roaring, hissing, and/or buzzing in his ear, as well as ear pain, itching, or irritation; he sustained internal injuries, the full extent of which are not yet known; he sustained severe injuries and shock; he has been fitted with hearing aids, will require regular medical check ups, testings, adjustments of the hearing aids, replacement of hearing aids , possible surgery; he has in the past required

and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; and has in the past, and will in the future, suffer a loss of earnings.

41. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact, and greater than all jurisdictional limits.

WHEREFORE, plaintiff prays that judgment be entered against the defendants, and, that this Honorable Court enter judgment for plaintiff as aforesaid together, with interest, costs and counsel fees, and for compensatory damages in an amount found by the trier of fact, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: New York, New York  
June 25, 2019

HOFMANN & SCHWEITZER  
*Attorneys for Plaintiff*

By: _____  
Dario Anthony Chinigo (0298)  
212 West 35th St., Floor 12  
New York, New York 10001  
Tel: 212-465-8840